The opinion of the court was delivered by
Watkins, J.
As a dealer in coal, the plaintiff has constantly on hand a number of barges laden with coal, and for their safety and security he avers it to be necessary that there should be some place on the banks of the Mississippi river, and within the parish of Orleans, where same may be landed and secured, and where suitable quarters may be provided in which to store the necessary apparatus with which to protect and secure said barges and other boats, and also for the purpose of housing the men employed, and who are required to be in immediate and constant attendance.
In his petition he avers that he has leased certain batture and riparian property about five or six miles above Oanal street landing, “where he has, at large expense, sunk piles and clusters of piles or hitching posts, to which he makes fast said barges and boats of coal, and has built two small wooden houses at an expense of about $500, in which to house the men, * * * and to store the apparatus absolutely necessary to his business,” etc.
That the Mayor and Oommissioner of Public Works “threaten to interfere with him in the peaceful possession and use of said house, and to remove, or cause the same to be removed, on the ground that he is a squatter and obstructing Oalhoun street.”
This he denies, and affirms that he is the lessee, or tenant of the aforesaid batture and riparian rights from the Texas and Pacific Railroad Company, the owner thereof.
He avers “that his said houses are not only necessary, as afore *616 said, to the commerce in which he is engaged, but are neither on, nor do they obstruct, any street, and are built on the outside of the levee, upon piles driven in the batture aforesaid, and which batture is some 300 feet in width from the levee to the water’s edge.”
Against the threatened interference alleged, plaintiff obtained an injunction, in order to preserve the status quo.
The City Attorney ruled plaintiff to show cause why his injunction should not be dissolved, on the ground that his petition stated no cause of action; and, pending the trial of the rule, he specially excepted to his petition, on the same ground; and prayed that the suit be, dismissed.
On trial, the rule was made absolute, the exception sustained and suit dismissed. From the judgment plaintiff has appealed.
The City Attorney’s contention is that, conceding the plaintiff to be the lessee of the railroad company, and that the company was the proprietor of the soil over which the plaintiff’s right of use extends, and yet, he discloses no legal right in himself, or in his lessor, to permit the construction of such houses, or other permanent structures on the batture, as those described in his petition.
On the other hand, the plaintiff’s counsel seeks to restrict the issues to the limits prescribed in his petition, i. e., as to whether or not he was a squatter, and his houses an obstruction to Calhoun street.
We do not think the issues can be so restricted; for, conceding that plaintiff was not a squatter, but a lessee, and that the houses he had erected were no obstruction to Calhoun street; and yet, the mayor of the city and the commissioner of public works have a perfect legal right to question his authority to build houses '• outside of the levee, upon piles driven in the batture,” as plaintiff avers he did.
The District Judge evidently entertained this view, and rested his decision on our opinion in Watson vs. Turnbull, 34 An. 857, which appears to be conclusive of the whole ease. In that ease we said:
“ Within the corporate limits, the City of New Orleans, under her charter, and under the general law, has the right to control, manage and administer the use of the river banks for the public convenience and utility; to establish wharves and landings; to erect and provide facilities for the use of vessels and water crafts, and to charge just compensation for the use thereof. Riparian proprietors have no right to appropriate to their exclusive use these banks, and they have no private property in the use thereof, which is in the public. *617 The discretion of the city authorities, in determining what are proper and needed facilities for commerce, and on what part of the river bank, within her limits, they should be established, is manifestly not a proper subject for judicial control or interference. Whatever incidental damage may result to proprietors from the exercise of their unquestionable corporate rights, it -is damnum absque injuria.”
The bank of river has been defined to be “ that space which the water covers when the river is highest in any season of the year.” Morgan vs. Livingston, 6 O. S. 216.
The term batture “ is applied principally to certain portions of the bed of the Mississippi river, which are left dry when the water is low, and are covered again, either in whole or in part, by the ar nual swells.” Hollingsworth vs. Chaffe, 33 An. 548.
It therefore follows that plaintiff’s vendor, as a riparian proprietor, has no right to appropriate to its exclusive use any portion of the batture, and it has no right of property in the use thereof. That the city authorities are vested with a discretion in determining what are proper and needed facilities for commerce, and on what part of the batture they shall be established.
Hence, the plaintiff, as lessee, acquired under his contract no such right; and, under the law, he could not select the place at which he should establish the landing place for his coal boats and barges.
In Pickles vs. Dock Company, 38 An. 412, we held that the defendant had no right to locate their dock, and drive pilis in the bed of the river near the shore, although owner of the riparian property.
In Railroad Company vs. Winthrop, 5 An. 36, it was held that a conversion of a portion of the batture in front of Carrollton into a wood yard was not a public use, but a private destination of property.
In Hudson vs. Mayor, 3 La. 564, the court decided that ‘ ‘any works or constructions made by individuals, calculated to prevent their use entirely, or to abridge it, may fairly be considered as public nuisances, and subject to be abated by the authorities of the city.”
In Mayor vs. Magnon, 4 Martin 9, the court held that “ as the fisherman could not justify the inclosure of a space of ground on the bank of a river for the safety of his net when spread to be dried, nor the erection of a warehouse for the storage of fish, the carpenter can not justify the erection of a permanent shed or building for the *618 safety of Ms tools or the materials which he uses, nor to fence the ground for the protection of the timber which it may be his interest to accumulate.”
From these frequent adjudications on the subject, we think it is well settled that the plaintiff was without right or authority to build houses on the batture, and rest their foundations upon piles driven in the ground. This was an evident appropriation, to his exclusive use, of the river bank within the limits of the city, in direct violation of the right of control and administration vested in the city.
The judgment appealed from is correct, and it is therefore affirmed.
Rehearing refused.